**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JEFFERY B. BENOIT,<br>            Appellant, | DOCKET NUMBER<br>DC-3443-21-0386-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>            Agency. | DATE: April 27, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffery B. Benoit, Providence Forge, Virginia, pro se.

Megan Garry, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Levitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to vacate the administrative judge's factual findings and clarify that the appellant has not made a nonfrivolous allegation that he was subjected to an appealable adverse action, we AFFIRM the initial decision.

## BACKGROUND

The appellant was briefly employed as a program analyst at a U.S. Army installation at Fort Lee, Virginia.  Initial Appeal File (IAF), Tab 1 at 1, 7-8. The appellant's characterization of his employment differs from his Standard Form 50 (SF-50) and the evidence put forward by the agency.  The SF-50 that he submitted into the record reflects that, effective February 16, 2021, the appellant received a provisional appointment, not to exceed (NTE) April 17, 2021.  *Id*. at 7-8.  However, in filing the present appeal, the appellant argued that he had been, "[T]erminated from [P]ermanent [P]osition" on April 17, 2021.  *Id*. at 3.  In his initial appeal form, the appellant checked the boxes indicating that he was a permanent Federal employee in the competitive service, and that he was not "serving a probationary, trial, or initial service period at the time of the action" he was appealing.  *Id*. at 1.  He identified the length of his government service as 2 months.  *Id*.

The appellant maintained he was "hired by name based on qualifications" with veterans' preference and that the job posting for the program analyst

position stated that it was a permanent position. *Id*. at 5, 10. He submitted copies of a tentative offer letter dated January 19, 2021, and official offer letter dated January 26, 2021, both of which stated that the position was permanent. *Id*. at 11-14. The appellant stated that, during a meeting on April 8, 2021, his supervisor told him that it was his last day of work and that he would be paid until April 17, 2021. *Id*. at 5. He stated that, after he realized that the supervisor had not given him anything in writing regarding the termination, he contacted his supervisor asking for a termination letter. *Id*. The supervisor purportedly stated that he had contacted Human Resources (HR) about drafting a termination letter. *Id*. The appellant maintained that it was his "belief that this is when [his SF-50] was altered to reflect Provisional Status and dates." *Id*. He submitted an undated termination letter into the record that stated, "Your provision appointment was set to expire on 17 April. Management has elected to not convert this appointment to permanent." *Id*. at 15.

¶4    In its narrative response, the agency argued that the Board lacked jurisdiction over the appeal. IAF, Tab 6 at 4-7. It asserted that the appellant had received a "by-name (noncompetitive) provisional (temporary) appointment" pursuant to an appointment authority permitting temporary appointments of qualified veterans, and that the appointment had expired April 17, 2021. *Id*. at 4-5. It argued that the termination of the appellant's appointment on the expiration date was not an appealable adverse action. *Id*. at 5, 22. The agency argued that the appellant's assertion that it altered his SF-50 was conclusory and contradicted by the evidence. *Id*. at 7. In a sworn declaration, an HR specialist set forth the circumstances of the agency's offer of a provisional appointment to the appellant, after he informed her that he had left his previous position in Kuwait in order to accompany his spouse to Fort Lee and provided documents demonstrating that he qualified for the hiring authority. *Id*. at 17. The agency also submitted a sworn declaration from an HR specialist who stated that she had made an error in the appellant's offer letter by omitting the information that it

was a temporary appointment with a not-to-exceed date but also attested that she had verbally informed the appellant about the nature of his provisional appointment. *Id*. at 20. Finally, the agency submitted an SF-50 from the appellant's prior position at a U.S. Army installation in Kuwait, reflecting a provisional appointment with a not-to-exceed date and argued that this prior employment demonstrated that the appellant was aware of the nature of a temporary appointment. *Id*. at 40.

¶5 Subsequently, the administrative judge issued an order to show cause, noting that the agency had submitted evidence into the record indicating that the appellant held a provisional or temporary appointment that lapsed according to its expiration date, and therefore the Board lacked jurisdiction. IAF, Tab 7 at 3. She ordered the appellant to submit evidence and argument demonstrating that the appeal should not be dismissed for lack of jurisdiction. *Id*. at 3-4.

¶6 In response, the appellant argued that none of the documents he had received pertaining to the program analyst position, including the offer letters, stated that the position was a provisional appointment with a not-to-exceed date. IAF, Tab 8 at 4-5. He stated further that he had identified himself as a permanent employee at a new employee orientation and no one corrected him. *Id*. at 6. The appellant maintained that he was unable to access his SF-50 and had contacted an HR professional about this issue. *Id*. at 6-7. He asserted that, "[f]rom the date [he] was hired on February 16, 2021, through the date that [he] was fired April 8, 2021, there was never any mention that [he] was a provisional employee" by his supervisor or any HR professional. *Id*. at 7. The appellant stated that his previous position at a U.S. Army installation in Kuwait was a "permanent position with a one-year duration [sic]." *Id*. at 7. Finally, the appellant argued that because the job posting and offer letters did not explain that the appointment was provisional, the agency "must accept responsibility for their actions," and he opined that the agency had engaged in a "fabrication of the facts to shield the agency from an action." *Id*. at 8.

¶7        Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID) at 1, 7.  The administrative judge found that the appellant had received a temporary appointment that had expired on its not-to-exceed date and that the expiration of a temporary appointment is not an action appealable to the Board.  ID at 4-5.  She also found that, even if the appellant's appointment was not provisional, the record showed that he would not meet the definition of an employee with chapter 75 appeal rights.  ID at 6.

¶8        The appellant has filed a petition for review, arguing that he was "denied [his] procedural due process rights."  Petition for Review (PFR) File, Tab 1 at 18. He repeats his arguments that he held a permanent position because none of the documents related to his hiring identified a provisional appointment and the agency altered his SF-50.  *Id*. at 18-21.  The appellant submits evidence concerning the jurisdictional issue, some of which was already in the record. *Id*. at 4-15.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The existence of Board jurisdiction is a threshold issue in adjudicating an appeal, and the appellant bears the burden of establishing jurisdiction by preponderant evidence.  *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 5 (2010); 5 C.F.R. § 1201.56(b)(2)(i)(A).  An appellant is entitled to a jurisdictional hearing if he presents nonfrivolous allegations of Board jurisdiction.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual

contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id*.

¶10 Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence). However, we have considered the appellant's new evidence and argument to the extent it concerns the issue of the Board's jurisdiction because the Board's jurisdiction can be raised at any time including on review. *See Pirkkala*, 123 M.S.P.R. 288, ¶ 5 (considering evidence submitted for the first time on review because it was relevant to the Board's jurisdiction).

¶11 Here, the administrative judge arguably improperly weighed the evidence in finding that the appellant held a temporary appointment and did not meet the definition of an employee for the purposes of chapter 75 appeal rights, and we vacate those findings. ID at 5-7; *see Ferdon*, 60 M.S.P.R. at 329. Rather the administrative judge should have assessed whether the appellant had made nonfrivolous allegations that he suffered an appealable adverse action.

¶12 It is well established that the expiration of a temporary appointment is not an adverse action appealable to the Board. *See Scott*, 113 M.S.P.R. 434, ¶ 9; *Endermuhle v. Department of the Treasury*, 89 M.S.P.R. 495, ¶ 9 (2001); 5 C.F.R. § 752.401(b)(11) (excluding the termination of an appointment on the expiration date specified as a basic condition of employment at the time the appointment was made from the adverse actions covered under chapter 75). The Board looks to the totality of the circumstances to determine the nature of an employee's

appointment; an employee's SF-50, although the customary document used to memorialize a personnel action, is not controlling. *Scott*, 113 M.S.P.R. 434, ¶ 8. Here, the appointment SF-50, authorized on February 3, 2021, with an effective date of February 16, 2021, stated that the appellant received a provisional appointment with a not-to-exceed date of April 17, 2021. IAF, Tab 1 at 16. The SF-50 states that the appointment was made pursuant to 5 C.F.R. § 316.402(b)(4), which authorizes temporary noncompetitive appointments of veterans with a service‑connected disability of 30 percent or more, for which the appellant qualified as indicated by his veterans' preference code. *Id.* Finally, the SF-50 explicitly states that the appointment is on a provisional basis. *Id.* As noted by the administrative judge, the agency has admitted that the initial and final offer letters it sent to the appellant incorrectly stated that it was a permanent position. ID at 5; IAF, Tab 1 at 11-14, Tab 6 at 20.

¶13    The essence of the appellant's arguments on appeal and on review is that he detrimentally relied on documents from the agency, notably the offer letters and vacancy announcement, and therefore, he should be treated as if he was an employee in a permanent competitive-service position for purposes of Board appeal rights. IAF, Tab 1 at 5, Tab 8 at 6-8; PFR File, Tab 1 at 18-26. He states that the agency's HR errors created a "legally binding contract" and that the provisional nature of the position was not part of the contract because it was "not presented in the job announcement." PFR File, Tab 1 at 18. The appellant challenges the accuracy of the sworn declarations from the agency HR professionals attesting that they had informed him of the nature of his provisional appointment and repeats his bare assertion that the agency added the provisional appointment with a not-to-exceed date to his SF-50 only after he demanded a termination letter from his supervisor. *Id.* at 19-20; IAF, Tab 6 at 17, 20. He submits for the first time on review April 2021 email correspondence, in which a union representative requests information regarding the nature of the appellant's employment and relays the appellant's understanding that he was

a permanent employee due to the language in his job offer and the vacancy announcement. PFR File, Tab 1 at 4-5. He also submits a document defining various blocks and codes in SF-50 records and a copy of the appointment and termination SF-50s that the agency had previously submitted into the record. *Id*. at 8-15.

¶14 Reviewing the totality of the circumstances regarding the allegations set forth by the appellant and the documents he submits into the record, we find that he has not raised a nonfrivolous allegation that the provisional appointment set forth in his SF-50 was incorrect and that he was subjected to an appealable adverse action. *See Scott*, 113 M.S.P.R. 434, ¶ 8. The appellant's bare, conclusory statement that the agency altered his SF-50 to add a provisional appointment only after he was terminated by his supervisor does not constitute a nonfrivolous allegation that he had received a permanent competitive-service appointment. IAF, Tab 1 at 5; PFR, Tab 1 at 19; *see* 5 C.F.R. § 1201.4(s). He offers no support for this allegation and notably does not allege the existence of a previous SF-50 or other appointment documentation that the HR professionals were alleged to have altered. Although the appellant focuses on the vacancy announcement that identified the position as permanent, by his own acknowledgement, he did not apply for the vacancy announcement but instead received a by-name direct offer from an agency HR professional after he explained his prior position at another U.S. Army installation and presented his qualifications. PFR File, Tab 1 at 19; IAF, Tab 1 at 5, 10, Tab 8 at 5-6.

¶15 None of the equitable considerations raised by the appellant relieve him of his burden of proof regarding jurisdiction. The appellant's argument that the agency's errors created a binding legal contract granting him a permanent position and entitling him to due process rights is not a basis for finding Board jurisdiction. PFR File, Tab 1 at 18-19. The Board has held in other circumstances that an agency's error cannot confer jurisdiction on the Board to hear the merits of an appeal. *See, e.g.*, *LaBoube v. Department of the Treasury*,

105 M.S.P.R. 337, ¶8 (2007) (finding that the agency's failure to provide accurate information at the time of appointment about the requirement to serve a trial period is no basis for waiving the requirement); *Phillips v. Department of Housing and Urban Development*, 44 M.S.P.R. 48, 52 (1990) (finding that an agency's failure to inform an employee that she was required to serve a probationary period until 11 months after she was appointed did not alter the requirements that she complete a one-year probationary period that began on the effective date of her appointment).

¶16    The appellant also repeats his argument on review that the agency failed to comply with 5 C.F.R. § 316.403(a)(3) because the offer letters did not identify the provisional appointment.  PFR File, Tab 1 at 20; IAF, Tab 8 at 26.  Under 5 C.F.R. § 316.403(a)(3), an agency designating an appointment as provisional must state its intention to convert an appointment to a nontemporary appointment under appropriate authority before the expiration of the temporary appointment, must state this intention in any written offer of employment, and document this intention as part of the permanent record of the initial appointment.  Here, although the agency included the provisional nature of the appointment in the SF‑50, the record supports the appellant's allegation that it did not include the necessary information in the offer letters.  IAF, Tab 1 at 8-14, 16-17.  However, as noted by the administrative judge, the agency's errors cannot confer Board jurisdiction and do not demonstrate that the personnel action at issue was not the expiration of a temporary appointment outside the scope of the Board's jurisdiction.  ID at 5.  The Board's jurisdiction is established by statute or regulation and cannot be waived by the Board for equitable considerations. *See Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 13-14 (1996).

¶17    Because the appellant has not raised nonfrivolous allegations that he was subjected to a removal instead of the expiration of a temporary appointment, it is irrelevant whether he met the statutory definition of an employee under chapter 75.  *Scott*, 113 M.S.P.R. 434, ¶ 9; *Endermuhle*, 89 M.S.P.R. 495, ¶ 9.  Therefore,

he is not entitled to a jurisdictional hearing, and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See Ferdon*, 60 M.S.P.R. at 329.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                           _____
                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.